## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JEROME HEAVEN, JR.,**

    **Plaintiff,**

**v.**                                                                 **Case No: 5:23-cv-433-MMH-PRL**

**HIRE QUEST,**

    **Defendant.**

---

### REPORT AND RECOMMENDATION[1]

This is one of twenty-three cases that Plaintiff, Jerome Heaven, Jr. has filed in the Middle District of Florida since April 2023.[2] This action arises out of Plaintiff's employment with HireQuest, a staffing agency that apparently placed him as a day laborer at a car dealership in Belleview, Florida for one day (July 1, 2023). Plaintiff purports to assert a claim

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] These cases include: *Heaven et al v. Seven Eleven*, 5:23-cv-00247-WFJ-PRL (April 20, 2023); *Heaven v. Pettis et al*, 5:23-cv-00248-CEM-PRL (Apr. 25, 2023); *Heaven v. Advent Hospital, et al.,* 5:23-cv-249-WFJ-PRL (April 19, 2023); *Heaven v. Woods et al*, 5:23cv-00250-JLB-PRL (Apr. 26, 2023); *Heaven v. Well*, 5:23-cv-00251-BJD-PRL (May 1, 2023); *Heaven v. Tarquin*, 5:23-cv-00252-SPC-PRL (Apr. 25, 2023); *Heaven v. Woods et al*, 5:23-cv-00278-CEM-PRL (June 26, 2023); *Heaven v. Woods et al*, 5:23-cv-00279-WFJ-PRL (June 7, 2023); *Heaven v. Seven Eleven*, 5:23-cv-00281-BJD-PRL (Jun. 13, 2023); *Heaven v. Advent Health*, 5:23cv287-WFJ-PRL (May 4, 2023); *Heaven v. City of Ocala*, 5:23-cv-00290-JLB-PRL (May 10, 2023); *Heaven v. Green Gait Powered by Western One et al*, 5:23-cv-00291-BJD-PRL (June 13, 2023); *Heaven v. Tarquin*, 5:23-cv-00295-TPB-PRL (June 13, 2023); *Heaven v. City of Ocala Code Enforcement et al*, 5:23-cv-00348-CEM-PRL (June 13, 2023); *Heaven v. Fifth Judicial Marion County Circuit Ct*, 5:23-cv-00382-SPC-PRL (Jun. 20, 2023); *Heaven v. Advent Health, 5:23-cv-391-BJD-PRL (May 30, 2023); Heaven v. Advent Health, et al., 5:23-cv-399-TJC-PRL (June 26, 2023); Heaven v. Green Gait Powered by Western One*, 5:23-cv-434-BJD-PRL (July 12, 2023); *Heaven v. Manatee County Courthouse et al*, 8:23-cv-01196-TPB-TGW (filed May 30, 2023); *Heaven v. Advent Health*, 8:23-cv-1198-SDM-CPT (May 30. 2023); *Heaven v. City of Ocala Code Enforcement*, 8:23-cv-01199-CEH-JSS (Jun. 2, 2023); *Heaven v. Manatee County Courthouse et al*, 8:23-cv-01379-SDM-TGW (Jun. 23, 2023).

under 42 U.S.C. §1983 for OSHA violations, reckless endangerment, and wrongful termination. Plaintiff alleges that the work environment was not safe because temporary workers were operating heavy equipment without proper authorization and that he was "fired for calling a white girl a nigger." Plaintiff seeks to proceed *in forma pauperis.* (Doc. 2). Because Plaintiff's factual allegations cannot support a claim under §1983 and there is no private cause of action under OSHA, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and his Complaint should be dismissed.

## I.    Legal Standards

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II.     Discussion

Here, the allegations in the Complaint do not come close to stating a claim with facial plausibility. To state a claim for relief under § 1983, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). At the most basic level, Plaintiff has not alleged any constitutional or statutory right that was violated, nor has he alleged any facts suggesting that such a violation occurred. In addition, he has not alleged any facts suggesting that Defendant, a private staffing company, was a state actor or that its conduct would fall under the purview of § 1983. Accordingly, Plaintiff fails to state a claim under § 1983.   Plaintiff also fails to state a claim for relief under OSHA or its regulatory provisions because OSHA does not create a private right of action for violation of its terms or regulations. *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir. 1975).

Typically, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully

drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding this rule inapplicable to counseled plaintiffs). However, a district court is not required to grant leave where amendment would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal. *Id.* By my reading of Heaven's grievances, granting him leave to amend would be futile because based on the allegations it does not appear that he could state a valid federal claim for relief.

Accordingly, Plaintiff's motion for *in forma pauperis* (Doc. 2) should be denied and his Complaint should be dismissed.

Recommended in Ocala, Florida on July 18, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy